**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN YEPEZ-GUERRERO, | No.    15-71073 |
| Petitioner, | Agency No. A202-014-645 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Juan Yepez-Guerrero, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order of removal. We have jurisdiction under 8

U.S.C. § 1252. We review de novo questions of law, including due process claims.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Yepez-Guerrero's contention that his conviction for felony endangerment under Arizona Revised Statutes § 13-1201(A) is not a crime involving moral turpitude is foreclosed by our decision in *Leal v. Holder*, 771 F.3d 1140, 1146 (9th Cir. 2014) (felony endangerment in Arizona is categorically a crime involving moral turpitude). Therefore, the agency correctly determined that Yepez-Guerrero's conviction renders him removable, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I), and statutorily ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(C). Accordingly, Yepez-Guerrero's claims that the agency's determinations regarding his conviction were in error and violated due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

The record does not support Yepez-Guerrero's contention that he was denied a full and fair hearing. *See id.*; *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case" (internal quotation marks and citation omitted)).

To the extent Yepez-Guerrero raises the issue of equal protection, he has not

15-71073

established a violation.

**PETITION FOR REVIEW DENIED.**